THE HOWARD INSURANCE COMPANY *against* HALSEY
and others.

*Mortgage; premises applicable to payment of; rights
of subsequent grantees; notice; release.*

THE holder of a part of mortgaged premises, under
an unconditional grant from the mortgagor, has an
equitable right to have the residue of the premises ap-
plied in the first instance to the payment of the mort-
gage debt.

Subsequent grantees of the residue of the mortgaged
premises take the place of the mortgagor, in this respect,
and are bound by the same equity.

The mortgagee, however, is not bound at his peril to
ascertain the existence of such equities arising subse-
quent to his mortgage; and if, without notice of any
such equities, he releases from the lien of his mortgage
that part of the mortgaged premises which, as between
the mortgagor and his grantees, ought to be first charged
with the payment of the mortgage debt, he does not
thereby lose his lien upon the part not released.

The recording of conveyances, subsequent to his mort-
gage, is not sufficient to charge him with notice of the
equitable rights of the grantees.

Nor, *as it seems*, does possession by the grantees, in
pursuance of such conveyances, charge him with such
notice.

Notice to an attorney, in order to charge the principal,
must be received by him when engaged for the principal,
in the same transaction to which the notice is sought to
be applied.

An attorney employed by a mortgagee to foreclose a
mortgage, in making searches preparatory to such fore-
closure, learned the existence of a conveyance of a part
of the mortgaged premises by the mortgagor: those

proceedings were abandoned without any actual fore-closure. *Held*, that the information obtained by the attorney did not charge the mortgagee with notice of such conveyance, when subsequently applied to for a release of a part of the mortgaged premises.

A person executing an instrument which refers to a deed is presumed to have notice of the contents of such deed and of the rights of the party holding under it, so far as they affect the rights of the party making the reference.

A release by the mortgagee of a part of the mort-gaged premises, referred to a deed from the grantee of the mortgagor of another part of the mortgaged prem-ises, and it was held, that such reference was sufficient to charge the mortgagee with notice of the contents of the deed referred to, and of the rights of the grantee under it.

Where such grantee had, as against the owner of the premises released, an equitable right to have the part released first applied in payment of the mortgage debt, and the value of the part released was sufficient for that purpose,— *Held*, that the release discharged the lands of the grantee having such prior equity, from the lien of the mortgage.

(See 4 Sandf. 565 ; 8 N. Y. 271.)